IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALEXANDER HARRIS,

    **Plaintiff,**

v.

SECRETARY OF UNITED STATES
DEPARTMENT OF VETERANS
AFFAIRS, et al.,

    **Defendants.**

Case No. 2:23-cv-02285-HLT-BGS

## MEMORANDUM AND ORDER

Plaintiff Alexander Harris brings this action against the Secretary of the Department of Veterans Affairs (VA) and individual defendants. Plaintiff proceeds pro se.[1] He seeks at least $3 million in damages. Defendants move to dismiss (Doc. 12). Defendants contend that (1) Plaintiff failed to name the correct party for his claim under the Federal Tort Claims Act (FTCA); (2) amendment to name the correct party is futile because the Federal Employees' Compensation Act (FECA) is Plaintiff's exclusive remedy; (3) Plaintiff's purported claim under the Americans with Disabilities Act (ADA) is duplicative of claims in a prior pending case and against the wrong party (if it is asserted at all); and (4) sovereign immunity bars Plaintiff's request for punitive damages. The Court agrees and dismisses the case.[2]

---

[1] The Court liberally construes Plaintiff's pro se filings and holds them to a less stringent standard than those drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate. *Id*.

[2] The Court notes Plaintiff's surreply. Doc. 22. Plaintiff did not seek leave to file a surreply, and his surreply is otherwise improper. The Court therefore does not consider his surreply. Even if the Court did consider it, the surreply does not change the outcome of this motion.

I.  **BACKGROUND**[3]

Plaintiff is a former police major for the VA. Plaintiff was a whistleblower. He reported misconduct, sexual harassment, and other unlawful acts to his superiors. In return, Plaintiff was maliciously attacked and removed from his duties. Other agency officials harassed him and discriminated and retaliated against him. Plaintiff suffers "permanent 'lifetime' work-related medical conditions." Doc. 1 at 9 ¶ 2. These conditions are both mental and physical and render Plaintiff medically unemployable. Specifically, the Department of Labor (DOL) recognized the following conditions: post-traumatic stress disorder; major depressive disorder, recurrent, severe with psychotic symptoms; and strain of unspecified muscle, fascia and tendon at shoulder and upper arm level, left arm.

Plaintiff filed a complaint with the VA Secretary and Office of Accountability and Whistleblower Protection (OAWP). He also filed a worker's compensation claim with the DOL. The DOL accepted Plaintiff's claims "for work-related mental and physical health injuries sustained, as a direct result of harassment and discrimination for 'Whistleblowing.'" *Id.* at 11 ¶ 6; *see also id.* at 12 ¶ 8, 16 ¶ 19; 18-19 ¶ 25.

This is the second federal case Plaintiff has filed relating to his treatment by the VA and his superiors. The first case alleges employment discrimination and remains active. Case No. 22-2489-HLT-TJJ. The current case (second case) alleges personal injury under the FTCA. Plaintiff argues that the two cases have a similar background but are distinct and can be prosecuted individually.

---

[3]  The following facts have been drawn from Plaintiff's complaint and are accepted as true for purposes of resolving the motion to dismiss.

**II.     STANDARD**

Defendants primarily challenge the Court's jurisdiction over Plaintiff's claims. But they also argue that Plaintiff fails to state a claim under the ADA and against certain defendants. The Court thus sets forth both standards of review.

**A.     Fed. R. Civ. P. 12(b)(1)**

Motions to dismiss for lack of jurisdiction under Rule 12(b)(1) can generally take two forms: a facial attack or a factual attack. "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). In that situation, the allegations in the complaint are accepted as true. *Id*. A factual attack looks beyond the operative complaint to the facts on which subject matter jurisdiction depends. *Id*. at 1003. The VA brings a facial attack because it challenges the sufficiency of Plaintiffs' complaint. The Court therefore accepts the allegations in the complaint as true and considers whether those allegations establish subject matter jurisdiction. *Id.* at 1002.

**B.     Fed R. Civ. P. 12(b)(6)**

A complaint survives a Rule 12(b)(6) motion to dismiss when it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it contains sufficient factual content to allow a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement

to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). A court undertaking this analysis accepts as true all well-pleaded allegations in the complaint but need not accept legal conclusions. *Id.* Likewise, conclusory statements are not entitled to the presumption of truth. *Id.* at 678-79.

**III.   ANALYSIS**

**A.   Proper Party Under FTCA.**

Plaintiff alleges that his personal injury claim falls under the FTCA. 28 U.S.C. § 2679(b)(1) (providing that a suit against the United States is the exclusive remedy for injury "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment"). The FTCA provides a limited waiver of sovereign immunity and "provides the exclusive remedy for tort actions against the federal government, its agencies, and employees." *Wexler v. Merit Sys. Prot. Bd.*, 1993 WL 53548, at *2 (10th Cir. 1993). But the only proper defendant in an FTCA tort action is the United States. *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) (citation omitted). Plaintiff did not name the United States as a defendant. He sues the Secretary of the Department of Veterans Affairs, Rudy Klopfer, Susan Brosa, Taryn Silva, Cheryl Leslie, and Andrew Denning. This is fatal to his FTCA claim.

But even if the Court gave Plaintiff leave to amend to substitute the United States as a defendant, the claim is futile.

**B.   Exclusive Remedy Under FECA.**

Plaintiff is a former federal employee. He alleges that his injuries are the result of workplace harassment and that he filed worker's compensation claims with the DOL. *See, e.g.*, Doc. 1 at 11-12 ¶ 6, 12 ¶ 8, 16 ¶ 19, 18-19 ¶ 25. Plaintiff frames his claim under the FTCA. But Plaintiff fails to recognize that FECA provides the exclusive remedy for work-related injuries. *See*

4

5 U.S.C. § 8173; *Farley v. United States*, 162 F.3d 613, 615 (10th Cir. 1998). And this Court lacks jurisdiction over the Secretary of Labor's decisions about compensation for work-related injuries. 5 U.S.C. § 8128(b); *Miller v. V.A. Med. Ctr.*, 12 F. App'x 766, 768 (10th Cir. 2001).

Plaintiff's FTCA allegations fall under FECA. Plaintiff alleges that his claims for "occupational mental health diseases" and "physical occupational injuries" were accepted by the DOL. Doc. 1 at 11-12 ¶ 6. And he attaches the DOL's acceptance letters for his mental and physical injuries.[4] Doc. 2-12. He alleges:

> All medical diagnoses and conditions and/or chain of events have all been validated and "Accepted," as factual by the DOL and/or by MSPB Judge. The DOL has accepted that the PLAINTIFF suffers from the current and ongoing mental and physical health conditions, which are a direct result of the gross negligent harassment towards the PLAINTIFF by Agency Management.

Doc. 1 at 12 ¶ 8. And finally, Plaintiff alleges:

> On 7/14/2022, the [DOL] notified the PLAINTIFF his Worker's Compensation claim had been accepted and validated, for his work-related mental and physical injuries sustained as a direct result of harassment for "Whistleblowing." The PLAINTIFFS' occupational Mental Health diseases of the following: Post-Traumatic Stress Disorder (PTSD), Major Depressive Disorder (MOD), Recurrent, Severe with Psychotic Symptoms, and Other Unspecified Complications of Medical Care.

*Id.* at 16 ¶ 19. Plaintiff alleges that the Secretary of Labor has made his decision. And the Secretary decides questions of coverage under FECA. 5 U.S.C. § 8145; *Farley*, 162 F.3d at 615.

Federal courts often stay proceedings pending a final decision of the Secretary about whether an employee was injured in the performance of duty. But no stay of proceedings is necessary here. The allegations in Plaintiff's complaint and the documents Plaintiff attached to his

---

[4] *Truman v. Orem City*, 1 F.4th 1227, 1238 n.7 (10th Cir. 2021) ("Courts can consider not only the complaint but also attached exhibits and documents incorporated into the complaint by reference").

5

complaint indicate that the Secretary has already decided Plaintiff's claims fall under FECA. *See, e.g.*, Doc. 1 at 11-12 ¶ 6, 12 ¶ 8, 16 ¶ 19, 18-19 ¶ 25; Doc. 2-12; Doc. 2-14; Doc. 2-22; Doc. 2-24. Courts cannot review the Secretary's decision and must dismiss the action when FECA applies. *Tarver v. United States*, 25 F.3d 900, 902-903 (10th Cir. 1994). Plaintiff cannot obtain additional remedies by bringing a FTCA claim. Dismissal of Plaintiff's claim is mandatory.

Plaintiff argues that FECA preemption is not warranted because he experienced "extraordinary circumstances" and Defendants took actions that were outside their normal scope of duty. Doc. 15 at 4. Neither argument merits relief. Plaintiff received benefits under FECA. This leaves no room for a cause of action under the FTCA.

### C. Purported ADA Claim.

Plaintiff appears to bring a disability discrimination claim under the ADA. *See* Doc. 1 at 3, 7. But whether this claim is asserted is far from clear. The statute is mentioned twice, but Plaintiff makes no overt allegations under the ADA. The Court nevertheless discusses the possible claim briefly because Plaintiff appears to pursue it in his response brief.

The United States and its agencies are specifically excluded from coverage under the ADA. 42 U.S.C. § 12111(5)(b)(i); *Hernandez v. United States*, 2018 WL 3795300, at *2 (W.D. Tex. 2018). The United States is shielded by sovereign immunity for ADA claims against it. *Parker v. Berryhill*, 2017 WL 4697511, at *3 (D. Kan. 2017). The Rehabilitation Act is the proper vehicle to challenge disability-related claims. But the Rehabilitation Act does not allow claims for monetary damages against the federal government. *Lane v. Pena*, 518 U.S. 187, 191-97 (1996); *Sanders v. Shinerki*, 2012 WL 5985469, at *4 (D. Kan. 2012) (dismissing for lack of subject matter jurisdiction because Plaintiff did not seek injunctive relief on her Section 504 claim). Plaintiff almost exclusively seeks damages. Plaintiff does request "Police Major Retirement Credentials

and Badge." Doc. 1 at 23. But he also requests this same injunctive relief in his other discrimination case. Case No. 22-2489-HLT-TJJ, Doc. 1-2 at 47.

Plaintiff may not duplicate his claims from existing litigation. *See Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) ("When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed."). To the extent Plaintiff attempts to bring an additional ADA or Rehabilitation Act claim here, it belongs in Plaintiff's pre-existing open case. And, perhaps most importantly, Plaintiff alleges no factual basis in support of an ADA or Rehabilitation Act claim. He does nothing more than identify the ADA statute. Plaintiff also fails to state a claim for this reason.

A final complication is that Plaintiff names individual defendants. The Rehabilitation Act does not permit suit against individuals other than the head of the agency. *See* 42 U.S.C. § 2000e-16(c) (stating that in a Title VII action against the government "the head of the department, agency, or unit, as appropriate, shall be the defendant."); 29 U.S.C. § 794a (implementing the remedial scheme found in 42 U.S.C. § 2000e-16 in the Rehabilitation Act). Any disability claim against individual defendants must be dismissed.

In sum, it is unclear whether Plaintiff tries to incorporate a disability-based discrimination claim here. To the extent he does, it is dismissed as duplicative, inadequately pleaded, filed under the wrong statute against the wrong defendants, and seeking the wrong remedy.

### D. Punitive Damages.

Defendants' last argument is that Plaintiff's request for punitive damages is barred by sovereign immunity. Defendants are correct. *See* 28 U.S.C. § 2674.

7

**IV. CONCLUSION**

Plaintiff has sued the wrong parties under the wrong federal statutes. He has already received the only remedy to which he may be entitled through his worker's compensation claim. And he may not bring a duplicative ADA/Rehabilitation Act claim in this case without identifying the basis for it particularly when he already has a case pending with the same claim. The Court dismisses Plaintiff's claims without prejudice.

THE COURT THEREFORE ORDERS that Defendants' motion to dismiss (Doc. 12) is GRANTED. The Court dismisses the case WITHOUT PREJUDICE. The case is closed.

IT IS SO ORDERED.

Dated: October 23, 2023                    /s/ *Holly L. Teeter*
                                           HOLLY L. TEETER
                                           UNITED STATES DISTRICT JUDGE